IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:23-CR-9-KAC-JEM |
| | ) | |
| RICHARD D. HINES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion Substitution of Counsel [Doc. 15] and the Motion to Continue Trial and Related Deadlines [Doc. 16], both filed by Assistant Federal Defender Jonathan A. Moffatt on March 10, 2023. *See* 28 U.S.C. § 636(b). The parties appeared before the Court for a hearing on the motions on March 21, 2023. Assistant United States Attorney Alan Scott Kirk appeared on behalf of the Government. Assistant Federal Defender Jonathan A. Moffat appeared on behalf of Defendant Richard D. Hines, Jr., who was also present. CJA Panel Attorney Christopher Scott Irwin was also present at the Court's request.

In the motion for substitution [Doc. 15], Assistant Federal Defender Moffatt requests that substitute counsel be appointed in place of the Federal Defender Services of East Tennessee ("FDSET") because counsel has discovered that an actual conflict exists such that counsel should no longer represent Defendant Hines under the ethical rules, specifically Tennessee Rule of Professional Conduct 1.7. At the motion hearing, AUSA Kirk stated the Government did not take a position on the motion. The Court then conducted a sealed, *ex parte* hearing to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that proceeding, the Court finds that, based upon the representations of Assistant Federal Defender Moffatt, it appears an actual conflict has arisen in FDSET's continued

representation of Defendant Hines. Accordingly, the Court finds good cause exists to grant the substitution. *See Matthews v. Davids*, No. 20-2216, 2021 WL 3817697, at *4 (6th Cir. July 8, 2021) ("[D]efendant 'must show good cause such as a conflict of interest . . . in order to warrant substitution' of counsel." (quoting *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985)).

The Motion for Substitution of Counsel [**Doc. 15**] is **GRANTED** and Assistant Federal Defender Moffatt and FDSET are **RELIEVED** as counsel of record for Defendant Hines. Attorney Christopher Irwin agreed to accept representation of Defendant at the hearing. The Court **SUBSTITUTES and APPOINTS** Attorney Irwin under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant Hines. The Court **DIRECTS** Assistant Federal Defender Moffatt to provide the discovery and information from Defendant's file to Mr. Irwin.

In the motion for a continuance [Doc. 16], Assistant Federal Defender Moffatt asks the Court to continue the April 11, 2023 trial date and the plea deadline, to permit new counsel to review discovery and prepare the case for trial. The motion relates that Defendant understands that all time until the new trial date is excludable under the Speedy Trial Act and that the Government has no objection to a continuance. Following the substitution of counsel, Mr. Irwin adopted the motion filed by prior counsel and asked that the motion deadline be reset. AUSA Kirk confirmed that the Government did not oppose a continuance. The parties agreed on a new trial date of August 1, 2023.

The Court finds the motion to continue the trial is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that new counsel needs time to review the discovery, confer with Defendant, assess the need for pretrial motions, and prepare the case for trial. Accordingly, counsel cannot be prepared in the three weeks before the April 11 trial date. The Court concludes that without a continuance, counsel

2

Case 3:23-cr-00009-KAC-JEM   Document 18   Filed 03/22/23   Page 2 of 4   PageID #: 54

would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant's motion to continue the trial is **GRANTED**. The trial of this case is reset to **August 1, 2023**. The Court finds that all the time between the filing of Defendant's motions on March 10, 2023, and the new trial date of August 1, 2023, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also extended other dates and deadlines in this case, which are set out in detail below.

Accordingly, the Court **ORDERS** as follows:

(1) the Motion for Substitution of Counsel [**Doc. 15**] is **GRANTED**;

(2) Assistant Federal Defender Jonathan A. Moffatt and FDSET are **RELIEVED** of further representation of Defendant and **DIRECTED** to provide the discovery and information from Defendant's file to new counsel;

(3) Attorney Christopher Scott Irwin is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant under the CJA;

(4) Defendant's Motion to Continue Trial and Related Dates [**Doc. 16**] is **GRANTED**;

(5) the trial of this matter is reset to commence on **August 1, 2023**, at 9:00 a.m., before the Honorable Katherine A. Crytzer, United States District Judge;

(6) all time between the filing of the Defendant's motions on **March 10, 2023**, and the new trial date of **August 1, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(7) the deadline for filing pretrial motions is extended to **May 2, 2023**. Responses to motions are due on or before **May 16, 2023**;

(8) the deadline for filing a plea agreement in the record and providing reciprocal discovery is extended to **June 30, 2023**;

(9) motions *in limine* are due on or before **July 17, 2023**;

(10) the parties shall appear before the undersigned for a final pretrial conference on **July 18, 2023, at 10:00 a.m.**; and

(11) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **July 21, 2023**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge